## PARKS V. THE STATE.

1. CRIMINAL PRACTICE: *Appeals from Justices of the Peace in forma pauperis*
   Appeals from Justices of the Peace may be prosecuted in *forma pauperis* in civil, but not in criminal cases.

ERROR to *Yell* Circuit Court.

Hon. W. D. JACOWAY, Circuit Judge.

*C. B. Moore,* *Att'y Gen'l.*, for defendant in error.

The offense was a misdemeanor within the jurisdiction of the justice. *Gantt's Dig. Sec.* 1298; *State* v. *Devers*, 34 *Ark.*, 188. The statutes make no provision for defending as paupers, and expressly requires, in all criminal appeals to the Circuit Court, a bond for costs. *Sec.* 2104 of *Gantt's Dig.*; also *Sec.* 2105 requires the certificate of appeal to be served on the justice. For want of these the appeal was properly dismissed.

7—37

ENGLISH, C. J.  Robert Parks and Nathan Taylor, plaintiffs in error, were charged, tried and convicted before a justice of the peace of Yell county, Danville District, for an assault upon Annie Spears, with a deadly weapon, fined $1000 each, and costs, and ordered into custody, &c.

Without giving any bond, they caused a transcript to be filed in the Circuit Court as if upon appeal.

The State moved to dismiss the appeal because not taken in accordance with law ; plaintiffs in error filed a petition under sections 926–31, *Gantt's Digest*, to be allowed to prosecute their appeal without bond as paupers.   The court refused the prayer of the petition and dismissed the appeal.

Plaintiffs in error could not appeal from the judgment of the justice of the peace without a covenant, by good security, for costs ; and a further covenant to pay the judgment if they desired to stay execution.  *Gantt's Dig.*, *Sec.* 2104, &c.

Persons may be permitted to prosecute civil suits as paupers under the sections of the Digest above referred to, but they have no application  to prosecutions of appeals in criminal cases.

Affirmed.